## SHULER *et al. v.* WILLIS *et al.*

Where, under the charter and ordinances of a city, the mayor has au-
thority to punish one convicted of violating the municipal ordinances
by imprisonment or compulsory labor on the public works, or by fine, a
sentence directing "confinement on the streets" is not rendered unlawful
merely because an alternative provision is added by which the defendant
may be discharged at any time upon the payment of a fine.

(a) In·such a case the reasonable intendment of the words, "confinement
on the streets," is that the defendant be confined at labor upon the
streets.

(b) The judgment and sentence of the mayor are not violative of the
charter or ordinances of the city.

(c) The judgment of the mayor is not void for uncertainty, or for any
other reason urged.

(d) The detention of the petitioners in the habeas-corpus proceeding, being
under the authority of the city officials and for the purpose of carrying
into execution the judgment of the mayor, was not unauthorized by law,
and the defendants were not, for any reason assigned, entitled to a
discharge.

(e) Their subsequent conviction in the State courts, for offenses against the
State arising out of the same transaction, will not affect the right of the
city to compel them to perform the sentence imposed by the mayor.

(f) The judge trying the habeas-corpus proceeding did not err in remand-
ing the petitioners to the service of the city in execution of the sentences
imposed by the mayor, nor in refusing to discharge them upon bail pend-
ing the hearing of the writ of error.

Submitted July 16,—Decided July 27, 1906.

Habeas corpus. Before Judge Harrell. City court of Bain-
bridge. June 5, 1906.

On June 5, 1906, there was tried before Judge Harrell, of the
city court of Bainbridge, the case of Nathan Shuler and Spencer
Henderson *v.* E. J. Willis, mayor of the City of Bainbridge, et al.,
upon a writ of habeas corpus. It was developed on the hearing,
that, on May 1, 1906, both plaintiffs, under the municipal code,
§§ 260, 285, 286, as amended since the act of the General Assembly
of 1901, establishing a new charter for the City of Bainbridge, were
convicted and sentenced by the mayor of Bainbridge for a viola-
tion of the provisions of those ordinances as amended. There were
two convictions and sentences by the mayor against each. Both
were sentenced in the alternative. Henderson's term, in each case,
was ninety days to be discharged upon the payment of a fine of
$200 and costs; and Shuler's term, in each case, was sixty days, to

be discharged upon the payment of a fine of $200 and costs. The terms are mentioned only to show that they had not expired at the time of the institution of the habeas-corpus proceeding. The municipal code sections were as follows: § 260: "Any person who shall, within the corporate limits, disturb the peace, quiet, and good order of the city by loud and boisterous, profane, or obscene language, or by quarreling or fighting, or by false fire alarms, or other alarms, or by any other acts of disturbance of the peace, quiet, and good order of the city, shall, upon conviction, be fined in a sum of not more than one hundred dollars or by imprisonment not exceeding thirty days, or both, in the discretion of the court." § 285: "If any person shall by word or act interfere with or seek to prevent any member of the police force of the city from the proper discharge of his or their duty, the person so offending shall, upon conviction, be punished as prescribed in § 260 of this code." § 286: "It shall be unlawful for any person to resist any legal officer of the city in making arrest. The use of, or attempted use of, any weapon (such as clubs, knives, sticks, pistols, firearms, sling-shots, staves, or brickbats), also striking said officer with the hand, fist, or feet, or the use of opprobrious language, or encouraging others to resist arrest, by act or word, shall be deemed a resistance under this section. Any violation of this section shall, upon conviction, be punished as prescribed in § 260 of this code." By the act of 1901, creating a new charter for the City of Bainbridge (Acts 1901, p. 321), it was provided by section 21, among other things, that said city should have the following powers (subsection 21, p. 327): "To organize a chain-gang, and to put at compulsory labor thereon all persons convicted of violating any of the ordinances of the city." (Subsection 26, p. 328): "To punish for a violation of an ordinance of said city in a sum not to exceed $200, or imprisonment, or compulsory labor on the public works, not to exceed three months, and any one or more of these punishments, in the discretion of the court." It was admitted that the ordinances hereinbefore set out were the ordinances passed by the City of Bainbridge; and that since the act of the General Assembly of 1901, establishing a new charter for the City of Bainbridge, these ordinances had been amended so as to prescribe a punishment of not more than $300, or work upon the public streets not exceeding ninety days, or both, in the discretion of the court. The four sentences imposed by the

mayor were in the same form, and all recited, among other things, "that the defendant be confined on the streets for and during the space of . . to be discharged at any time upon the payment of a fine of . . This 1st day of May, 1906." There does not appear to have been any appeal from, or exception to, the judgment of the mayor, and, so far as the record discloses, his decision was final. The defendants, by virtue of the sentences, were placed at labor upon the streets of the City of Bainbridge, under direction of the municipal authorities, and had not served out their terms when the habeas-corpus proceeding was commenced. On May 25, 1906, both parties were tried and convicted in the superior court of Decatur county for misdemeanors involving the same transaction for which they had been convicted before the mayor, and sentenced to serve terms upon the chain-gang. In the habeas-corpus proceeding the plaintiffs contended that their restraint by the city authorities was illegal, for the following reasons: (1) That the judgments of the superior court are void, for certain reasons not necessary to state. (2) That the judgments of the mayor are void, for the following reasons: (a) They do not conform to section 21 of the Acts of the General Assembly of 1901, p. 328. (b) Nor do they designate any imprisonment except on the streets. (c) Nor do they designate that petitioners be forced to labor on the streets. (d) Nor do they designate upon what streets petitioners are to be confined. (e) Said judgments are not in conformity with the ordinances 260, 285, and 286, and are too vague and indefinite, and for these reasons void. (3) That the petitioners have moved for a new trial in the superior-court cases, and can give bail.

At the trial of the habeas-corpus case, the petitioners also moved the court to remand them to the county authorities in order that they might enter service upon their respective terms. They also moved the court to allow them to be discharged from the service of the city on bail, pending the review of this case by the superior court. The court ruled against both plaintiffs upon every position taken, and refused to discharge either of the plaintiffs or allow them out on bail. They excepted.

*R. G. Hartsfield* and *E. S. Longley,* for plaintiffs in error.

*Russell & Hawes,* contra.

ATKINSON, J.   From the view we take of this case, it is unnecessary to consider any question which is sought to be made by bringing into the case the convictions in the superior court.   They are perfectly immaterial.   The petitioners were tried, convicted, and sentenced by the mayor before trial in the superior court.   If these trials and convictions were lawful in the first instance, they would not be rendered unlawful by the subsequent action of the superior court in prosecuting the offense against the laws of the State.   If the judgments and sentences by the mayor are authorized by the charter and ordinances of the city, and upon their face are sufficient and legal, and if, being legal, the petitioners are being detained only for the purpose of putting the sentences into execution in the manner by them directed, it can not be contended that the writ of habeas corpus should have been sustained.   We do not see that the judgments or sentences by the mayor are illegal for any of the reasons assigned.   They are in accordance with the charter and ordinances of the city.   It is true that the sentences do not, in so many words, provide that the petitioners shall labor upon the streets; but, giving the language of the court reasonable construction, we are obliged to conclude that labor on the streets was intended.   By the ordinance the mayor had the authority.   He was attempting to enforce the ordinance.   It would require an exaggeration beyond the limits of reason to hold that "confinement on the streets" was not intended to be at labor.   The fact that the sentence imposed by the mayor was in the alternative would not render the sentence void.   See, in this connection, *Leonard* v. *Eatonton,* ante, 63.   By allowing the judgment and sentences the reasonable intendment which they should receive, their want of validity fails to appear in any of the reasons assigned.   It is not certain what disposition of the petitioners the court would have made pending the writ of error to this court, had it been insisted that they be confined elsewhere, or otherwise than in the manner in which they were held by the city; but such question was not made.   The proposition was to discharge them altogether upon bail   Even if the judge had authority to grant bail, the facts do not show an abuse of discretion in refusing to grant it.   See, in this connection, *Vanderford* v. *State,* ante, 67.

*Judgment affirmed.   All the Justices concur except Fish, C. J., absent.*